# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

NOE PEREZ,

    Plaintiff,

v.

OFFICER ASAEL CARRERA, individually and in his official capacity as a Village of Bensenville Police Officer; and THE VILLAGE OF BENSENVILLE, a municipal corporation,

    Defendants.

No. 24 C 12326

Judge Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

Noe Perez alleges that Village of Bensonville Police Officer Asael Carrera assaulted, arrested, and detained him in violation of federal and state law. Perez also claims that the Village of Bensonville is liable for these events. Defendants have moved to dismiss all claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). That motion is granted in part and denied in part.

### I. State Law Claims

Perez's complaint contains eight counts. Counts 6, 7, and 8 claim assault and battery, false imprisonment, and respondeat superior, respectively, under Illinois law.

Defendants argue that these claims are time-barred. Determining whether the claims are timely requires identifying the date the claims accrued.

Perez's encounter with Carrera occurred on November 28, 2022. His claim for assault accrued the day the assault occurred. *See Prince v. Garcia*, 2024 WL 4368130, at *7 (N.D. Ill. Sept. 30, 2024) ("Under Illinois law, a cause of action for assault and battery accrues at the moment of injury.").

Perez concedes that he was released on bond no later than the day after his arrest. *See* R. 18 at 11. His false imprisonment claim accrued when he was released on November 29, 2022. *See Regains v. City of Chicago*, 918 F.3d 529, 533 (7th Cir. 2019) ("A claim for false arrest or false imprisonment accrues once the plaintiff is detained (or released) as a result of a lawful process.").

Perez's state law claims have a one-year statute of limitations pursuant to the Illinois Local Governmental and Governmental Employee Tort Immunity Act. *See* 745 ILCS § 10/8–101. Perez filed this case on November 27, 2024, which is more than one year after his state law claims accrued.

Perez argues that his false imprisonment claim did not accrue until his "false imprisonment came to an end," which he argues did not occur until he was "released from conditions of bond." R. 18 at 3. Perez cites no authority for this argument. And the Seventh Circuit has indicated that conditions of bond cannot form the basis for a false imprisonment claim. *See Manuel v. City of Joliet, Illinois*, 903 F.3d 667 (7th Cir. 2018). The Seventh Circuit's decision in *Manuel* was based in part on the fact that a person released from pretrial detention is no longer forbidden from bringing a civil suit. *See id.* at 670 ("A further consideration supports our conclusion that the end of detention starts the period of limitations: a claim cannot accrue until the would-be

2

plaintiff is entitled to sue, yet the existence of detention forbids a suit for damages contesting that detention's validity."). This consideration also indicates that the Seventh Circuit was not concerned with the lesser freedom restrictions imposed on a person released on his own recognizance, but specifically with detention itself. The reasoning also comports with an earlier Seventh Circuit holding that this level of freedom restriction does not constitute custody or seizure for purposes of the Fourth Amendment. *See Bielanski v. Cty. of Kane*, 550 F.3d 632, 642 (7th Cir. 2008) ("Although the travel restriction and the interview with the probation officer might be somewhat more onerous than the summons alone, we conclude that they are insufficient restraints on freedom of movement to constitute a seizure."); *see also Allen v. Utreras*, 2018 WL 8261309, at *1-2 (N.D. Ill. Nov. 9, 2018).

Therefore, Perez's state law claims—Counts 7, 8, and 9—are dismissed as untimely.

## II. Federal Law Claims Against the Village

In Counts 1-5, Perez brings claims for: (1) violation of the Fourth Amendment; (2) violation of Due Process; (3) "excessive detention,"; (4) unlawful search and seizure; and (5) false arrest. A federal civil rights claim under Section 1983 against a municipal entity like the Village must plausibly allege that the civil rights violation was caused by "an express policy" or "a widespread practice" that "constitutes a custom." *Stewardson v. Titus*, 126 F.4th 1264, 1279 (7th Cir. 2025). A plaintiff can plausibly allege a "widespread practice" with reference to "a series of bad acts" that permit the inference that "the policymaking level of government was bound to have

3

noticed what was going on and by failing to do anything must have encouraged or at least condoned, thus in either event adopting, the misconduct of subordinate officers." *Jackson v. Marion County*, 66 F.3d 151, 152 (7th Cir. 1995). "When this method of proof is used, proof of a single act of misconduct will not suffice; for it is the series that lays the premise of the system of inference." *Id.*; *see also Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). A "widespread practice" can also be inferred if the injury is a "highly predictable consequence" of a municipal custom or practice. *See Bd. of Cty. Com'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 409 (1997) (also described as a "plainly obvious consequence").

Perez makes no such allegations here. The complaint contains only allegations about the interaction between Perez and Carrera and Perez's subsequent prosecution. There are no allegations in the complaint regarding other instances of conduct by Village police officers or any policies, practices, or customs of the Village or its police. Without such allegations, Perez has failed to state a plausible claim against the Village. Therefore, the claims against the Village—including the claims against Carrera "in his official capacity"—are dismissed. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) ("[A]n official capacity suit is another way of pleading an action against an entity of which the officer is an agent.").

### III. Federal Law Claims Against Carrera

As mentioned, Perez brings claims for violation of the Fourth Amendment, Due Process, "excessive detention," unlawful search and seizure, and false arrest, in Counts 1-5, respectively. Carrera argues that all five counts should be dismissed.

## A. Counts 1, 4 and 5 – Fourth Amendment, Unlawful Search and Seizure, and False Arrest

Defendants argue that Perez's claims of unlawful search and seizure and false arrest in Counts 4 and 5 are duplicative of Perez's claim for violation of the Fourth Amendment in Count 1. Perez argues that the counts are not duplicative because "Count I is overarching Fourth Amendment [sic] [whereas] [Count] IV focuses on pat-down without reasonable suspicion [and] [Count] V on arrest without probable cause." R. 18 at 9

In his brief, Perez does not identify factual allegations that support his argument that Count 1 states an "overarching" Fourth Amendment claim separate from the occurrences alleged in Counts 4 and 5. But the Court notes that Count 1 of the complaint includes Perez's allegations of assault and battery. *See* R. 11 ¶¶ 23, 25, 27(f). Defendants do not argue that these allegations of assault and battery fail to state a claim for violation of the Fourth Amendment. Thus, Count 1 is not duplicative of Counts 4 and 5.

Defendants also argue that "Count [1] must be dismissed," because it includes allegations of "violations of municipal or state codes [which] are not tantamount to violations of the U.S. Constitution." R. 12 at 8. Count 1 itself does not reference any state or municipal codes. However, in paragraph 10, which comes prior to Count 1, Perez alleges that Carrera's actions violated "the Bensenville Policeman's Oath, Bensenville Policeman's Code of Conduct and Bensenville's Municipal Code." R. 11 ¶ 10. Perez does not argue that he brings any claims for violations of these codes. Rather, he argues that those "allegations merely provide context and evidence of the

5

constitutional violation." R. 18 at 6. Whatever the relevance of these allegations, their inclusion is not a basis to dismiss any of Perez's Fourth Amendment claims. To the extent Defendants seek to have these allegations stricken pursuant to Federal Rule of Civil Procedure 12(b)(f), that motion is denied.

B.     Count 2 – Due Process

Carrera argues that the "due process claim in Count 2 must be dismissed because the Fourth Amendment governs these allegations, not the Fifth Amendment." R. 12 at 9. This is correct. *See Graham v. Connor*, 490 U.S. 386, 388 (1989) (claim of excessive force during arrest governed by the Fourth Amendment not substantive due process); *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (claim of prosecution without probable cause governed by the Fourth Amendment not substantive due process standard); *Manuel v. City of Joliet*, 580 U.S. 357, 368 (claim for unlawful pretrial detention governed by the Fourth Amendment not Due Process). The only case Perez cites in opposition—*Cnty. of Sacramento v. Lewis*, 523 U.S. 833 (1998)—does not concern a claim of excessive force, false arrest, or pretrial detention. Therefore, Count II is dismissed.

B.     Count 3 – Excessive Detention

A determination "of probable cause within forty-eight hours is presumptively reasonable." *Chortek v. City of Milwaukee*, 356 F.3d 740, 746 (7th Cir. 2004) (citing *County of Riverside v. McLaughlin,* 500 U.S. 44 (1991)). Perez argues that whether the delay in his release on bond "exceeded 48 hours is a fact question." R. 18 at 8. But as mentioned above, Perez attached his bond report to his response to this motion,

showing that he was released on November 29, 2022, the day after he was arrested. Because Perez was released on bond within 48 hours, he has failed to state a claim for excessive detention, and Count 3 must be dismissed.

**Conclusion**

Therefore, Defendants' motion to dismiss [12] is granted in part and denied in part. The motion is granted in that all claims against the Village are dismissed without prejudice. The motion is also granted in that Perez's claims for a Due Process violation and excessive detention in Counts 2 and 3 are dismissed with prejudice. The motion is denied with regard to Counts 1, 4, and 5 against Officer Carrera.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: December 8, 2025